**PUBLISHED**
Filed: August 9, 2005

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

VIRGINIA ANDERSON,

*Plaintiff-Appellant,*

and

SHERMAN T. LOTT; VERNELLE PAYTON; LARRY COLEMAN; AVA HAWKINS; CURTIS YOUNG; CLINTON EDWARDS, JR.; FRANCIS H. NEWMAN, JR.; SAMUEL QUILLER; PAMELA WADE; BENNIE BREELAND; GLENN STEPHENSON; KENNETH L. BRADY, SR.; CLYDE REED; ROBIN HOLMAN; JOHN L. NAYLOR; GWENDOLYN H. WATTS; ALTON BARNES; HAYWARD ERVIN; ALANA J. LEWIS; DEBRA A. WILLIAMS; JIMMIE LEE TURNER; WILLIAM BONAPARTE, JR.; JEFFREY A. MYERS; JOHNNY J. HOLMES; JAMES SHERMAN, III; DEBBIE S.G. POPE; CHARLES JONES; ANNIE B. LOTT-ABNEY; OLIVIA G. GAVIN; DIANE J. CRAWFORD; MAXINE S. WHITE; MARVIN MOORE; BERTHA LEGREE; IRMAGENE REED; WILLAR H. HIGHTOWER, JR.; JEFFREY A. BAILEY; CONSTANCE DORSEY; RYSON CARTER; RHONDA M. TILLER; PEGGY M. POLLOCK; CALVIN L. COOKS; GLORIA J. COLLINS; DANITA L. MYLER; PATRICIA LANGFORD; DELORES BEASLEY; MARY L. JOHNSON;

No. 03-1150(L)
CA-98-2075-1-23-BC

MOSES MYERS; BENITA BASS; LINCHIE
H. SIMMONS; WALTER DAISE; WANDA
Y. SMITH; BERNARD NORA; CAROLYN
W. THORPE; TOMMY A. CAMPBELL;
DONALD F. BROOKS; LEWIS HOLSTON;
DEITRA M. POUGH; ANGELA Y.
HOLBROOK; PHYLLIS A. CALHOUN-
HURLEY; NORRIS V. ROUSE; URSULA
D. GAY-FURSE; DEBRA GANTT;
ELVIRA JOHNSON; WILLIAM R. HALL;
SHARON M. CAMPBELL; WINSTON
BUTLER; QUITMAN WHITE; LEON
BAKER; LINDA B. BAKER; GEORGE
BUSH; GARY L. CARTER; CURTIS
COKER, JR.; DIANNE T. DAVIS;
SANDRA HARRISON; CHARLOTTE
JOHNSON; TYRONE DAVIS; MARINDA
B. JOHNSON; JOHNNY KING; DELORES
MARTIN; CLINTON L. MCCALLA;
DOUGLAS MCKENZIE; MARILYN
MCKIE; MARLENE L. MOORE; JAMES
MOTON; GOLDIE S. RANDLE; THOMAS
WILLIAMS; JOSEPH RIDEAUX; WILLIAM
L. RYANS; DIANNE S. SCOTT;
VERONICA SHAW; MICHAEL STALEY;
CALVIN R. SUBER; GEORGE A.
TAYLOR; ELLEN M. VESSEL; KENNETH
E. VINSON; HOPE YARBOROUGH, for
themselves and on behalf of all
others similarly situated,

*Plaintiffs,*

v.

WESTINGHOUSE SAVANNAH RIVER
COMPANY; THE BABCOCK & WILCOX
SAVANNAH RIVER COMPANY,
INCORPORATED; BRITISH NUCLEAR
FUELS LIMITED SAVANNAH RIVER
CORPORATION; BECHTEL SAVANNAH
RIVER, INCORPORATED,
                    *Defendants-Appellees.*

NAACP LEGAL DEFENSE AND
EDUCATION FUND, INC.,
            *Amicus Supporting Appellant,*

EQUAL EMPLOYMENT ADVISORY
COUNCIL; CHAMBER OF COMMERCE,
            *Amici Supporting Appellees.*

# ORDER

## I.

Upon a request for a poll of the court on the petition for rehearing en banc, Judges Michael, Motz, King, Gregory and Duncan voted to grant the petition for rehearing en banc. Judges Widener, Wilkinson, Niemeyer, Luttig, Williams, Traxler and Shedd voted to deny rehearing en banc.

It is accordingly ADJUDGED and ORDERED that the petition for rehearing en banc shall be, and it hereby is, denied.

## II.

The panel considered the petition for rehearing. Judge Gregory voted to grant the petition for rehearing, and Judges Widener and Niemeyer voted to deny the petition for rehearing.

It is accordingly ADJUDGED and ORDERED that the petition for rehearing shall be, and it hereby is, denied.

III.

Judge Gregory filed a dissent to this order, which is attached hereto.

Being disqualified, Judge Wilkins did not participate in the proceedings with respect to this case.

/s/ H. E. Widener, Jr.
For the Court

GREGORY, Circuit Judge, dissenting:

Despite being presented with statistical evidence showing that the subjective employment stages in question selected applicants for hire and promotion in a racial pattern different from that of the pool of applicants, this Court has determined that Virginia Anderson failed to state even a prima facie case of disparate impact discrimination. In my view, we have set the bar too high with regard to Title VII disparate impact cases. As a court, we are now on record as not only requiring almost certain causation to demonstrate a prima facie case but also requiring a *McDonnell Douglas* showing, in effect forcing a disparate impact claimant to show intent. In other words, what was a high jump has now become a pole vault that must be accomplished without a pole.

Regardless of precedential value, it is difficult to see how a potential claimant perusing our jurisprudence in this area would not read this opinion as evincing some disfavor for Title VII disparate impact cases. At every turn the majority opinion took pains to impose upon the disparate impact claimant a standard higher than that required by Title VII jurisprudence. Ultimately, this approach resulted in dismissing a potentially legitimate claim before a trial could be had to discern whether the defendants violated the mandates of Title VII. I fear that this outcome will have the effect of discouraging future Title VII claimants with legitimate claims from proceeding before this Court.

I can only hope that a higher court will remedy the error committed here.